F I L E D
Clerk
District Court

JUL 2 4 2008

For The Northern Mariana Islands
By_____
(Deputy Clerk)

PAMELA BROWN, ESQ.
LAW OFFICES OF PAMELA BROWN
P.O. Box 5093
Saipan, MP 96950
Telephone:   (670) 234-6891
Facsimile:   (670) 234-6893
Cellular:    (670) 483-6223

Attorney for Plaintiff

IN THE UNITED STATES DISTRICT COURT
FOR THE
NORTHERN MARIANA ISLANDS

| | |
|---|---|
| MD. SHAHIDUL ISLAM,<br><br>             Plaintiff,<br><br>    vs.<br><br>GTS SECURITY, INC.,<br><br>             Defendant. | CIVIL ACTION NO. 08- **0032**<br><br>**VERIFIED COMPLAINT FOR VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964** |

COMES NOW, Md. Shahidul, Plaintiff, by and through his undersigned counsel, and in support of this verified complaint against the defendant for violations of the Title VII of the Civil Rights Act of 1964, as amended (hereinafter "Title VII") to recover back wages, compensatory damages, injunctive relief, attorneys fees, and costs under §2000e-5 of the Civil Rights Act of 1964, as amended and to recover such other damages as may be proper, hereby alleges as follows:

## JURISDICTION

1. This Court has jurisdiction over Plaintiff's Title VII claims under 42 U.S.C. §2000e-5(f), 42 U.S.C. §1981 and by the provisions of 28 U.S.C. §1331 (Federal Question Jurisdiction) and 28 U.S.C. §1337(a) (Proceedings arising under any act of Congress regulating commerce). The Court has supplemental jurisdiction of Plaintiff's breach of contract claims pursuant to 28 U.S.C. § 1367.

2. Title VII of the Civil Rights Act of 1964, at 42 U.S.C. §2000e-2(a), (hereinafter "Title VII"), and 42 U.S.C. §1981 (hereinafter "§1981") apply to this matter through the Covenant to Establish a Commonwealth of the Northern Mariana Islands in Political Union with the United States ("Covenant"), Article V, §502(a)(2).

3. Venue is properly placed in this Court at all relevant time Plaintiff was an employee of Defendant and was providing services for the defendant in Saipan, in the CNMI.

## PARTIES

4. Plaintiff, Md. Shahidul Islam, (hereinafter "Shahidul") is a citizen of the Republic of Bangladesh, presently residing on Saipan, Commonwealth of the Northern Mariana Islands and was employed as an alien worker pursuant to an employment contract by the Defendant as a security guard assigned to Hafa Dai Beach Hotel in Garapan, Saipan, CNMI.

5. On information and belief, Defendant GTS Security Inc. is a lawful corporation organized and existing under the laws of the Commonwealth of the Northern Mariana Islands,

having its principal office and place of business on Saipan and at all times material hereto was the employer of Plaintiff as defined under § 2000e of Title VII (42 U.S.C. 2000e).

6. At all times mentioned herein, Defendant was engaged in the business of operating a security guard company and was conducting business in commerce within the meaning of § 2000e of Title VII (42 U.S.C. 2000e).

7. In performing his duties as a security guard as described herein, Shahidul was engaged in commerce in that Defendant's businesses involved interstate commerce within the meaning of § 2000e of Title VII (42 U.S.C. § 2000e)

## FACTUAL BACKGROUND

8. On or about October 11, 2005, Shahidul commenced employment pursuant to an approved employment contract with Defendant.

9. On information and belief, Shahidul was hired as a alien worker under the terms of an employment contract approved by the CNMI Department of Labor pursuant to the Non-Resident Workers Act at 3 CMC § 4434.

10. On information and belief, Shahidul was hired as an hourly employee to be paid the minimum hourly wage of $3.05 per hour and guaranteed 40 hours a week of work..

11. During the entire period of employment, Shahidul performed all appropriate terms and conditions of her employment contract and has always been willing to continue to perform

under the contract. Shahidul performed his work and services for Defendant diligently and without any complaint from Defendant.

13. During the entire period of employment, Shahidul was only allowed to work 40 hours per week. He was never given overtime.

14. During the entire period of employment, Shahidul and the other non-Filipino security guards were assigned to security guard posts that were outside exposed to the weather and not assigned to posts inside of buildings.

15. During the entire period of employment, Shahidul and the other non-Filipino security guards were almost exclusively assigned to night-shifts with only occasional day-shifts to cover for absent security guards.

16. On information and belief, Filipino security guards were routinely given inside posts and day-shifts.

17. On information and belief, Filipino security guards were routinely given over-time hours for which they received time and a half compensation.

18. Shahidul's supervisor, a Filipino, controlled the assignments and hours of the security guards and acted as an agent of Defendant.

19. On information and belief, non-Filipino security guards were required to pay money to the Filipino supervisor in order to get the same benefits of the terms of their contract and

employment as the Filipino security guards.

20. Shahidul did not pay his Filipino supervisor during his employment and was denied equal benefits given free to the Filipino security guards.

21. On more than one occasion, Shahidul complained to his Filipino supervisor about the denial of overtime, the discriminatory post assignment and shift hours. His Filipino supervisor informed him that if Shahidul gave him some money, Shahidul would get better shift hours, better postings, and overtime.

22. One month before his contract expiration, his Filipino supervisor met with Shahidul and informed him that if he wanted to be renewed, Shahidul had to pay him Two Hundred Dollars ($200.00) but Shahidul did not have the money to pay him.

23. One month later, Shahidul was terminated when his contract expired.

24. On information and belief, Defendant hired a new security guard shortly after Shahidul's termination.

## COUNT I: NATIONAL ORIGIN DISCRIMINATION WITH RESPECT TO PRIVILEGES OF EMPLOYMENT

25. Plaintiff hereby realleges and incorporates paragraphs 1 through 24 of this Complaint as if more fully set forth herein.

26. Defendant was the Employer of Shahidul as defined under 42 U.S.C. § 2000e of Title

VII..

27. Defendant was prohibited from discriminating with respect to Plaintiff's privileges of employment including assignment, shift hours and overtime hours.

28. Defendant, through his agent, Shahidul's Filipino supervisor, discriminated against Shahidul and similarly situated non-Filipino security guards in assignment of work posts, shift hours and provision of overtime hours on the basis of his national origin, Bangladeshi.

29. Shahidul is entitled to compensatory damages in an amount proven at trial for discriminatory denial of equal privileges of employment including but not limited to denial of overtime regularly paid during the course of his employment to Filipino security guards.

30. Shahidul is entitled to declaratory relief that Defendant, through his agent, practices discriminatory employment practices in violation of Titile VII.

## COUNT II: RETAILIATION

31. Plaintiff realleges and incorporates paragraphs 1 through 30 as if fully set forth herein.

32. Defendant, through his agent, the Filipino supervisor, did not renew Shahidul's employment contract in relation for his complaints of discriminatory denial of the privileges of his employment and his failure to pay TWO HUNDRED ($200.00) to the Filipino supervisor to secure renewal.

33. Defendant non-renewal of Shahidul's employment contract in retaliation for his

complaints of discriminatory treatment by the Filipino supervisor is in violation of 2000e of Title VII.

34. Shahidul is entitled to compensatory damages equal to his compensation pursuant to his employment contract for a period of one-year, plus liquidated damages.

COUNT III: DISCRIMINATORY TERMINATION BASED ON NATIONAL ORIGIN

35. Plaintiff realleges and incorporates paragraphs 1 through 34 as if fully set forth herein.

36. On information and belief, Defendant did not renew Shahidul's employment contract because he of his national origin, non-Filipino Bangladeshi in violation of § 2000e of Title VII.

37. Shahidul is entitled to back pay from the date of termination for the term of his employment contract if renewed (1 year) plus liquidated damages.

WHEREFORE, Shahidul prays for judgment against the defendant, as follows:

1. For compensatory damages including but not limited to an amount equal to the average overtime wages paid to Filipino security guards during the term of Shahidul's initial employment contract under 2000e of Title VII as alleged under Count I;

2. For declaratory relief that Defendant's discriminatory employment practices are in violation of § 2000e of Title VII as alleged herein;

3. For back wages and overtime compensation Shahidul would have earned for the term of his renewable employment contract but for the retaliatory and discriminatory termination of the employment relationship by Defendant as alleged under Count II and Count III;

4. For an award for all costs and attorneys fees as provided under § 2000e-5(k);

5.   For such other and further legal and equitable relief as the Court deems just and proper.

Dated this 24th day of July, 2008.

_____/S/_____
PAMELA BROWN
ATTORNEY FOR PLAINTIFF
CNMI BAR NO. F0174

### VERIFICATION

I, Md. Shahidul Islam, do hereby verify that all facts set forth herein are true and correct to the best of my knowledge and so declare under penalty of perjury. I also declare that I was issued a Right to Sue determination by the Equal Employment Opportunity Commission in my charge of discrimination 486-2007-00305, a true, accurate and correct is attached hereto for the Court's convenience. So declared this 24th day of July, 2008.

_____/S/_____
MD. SHAHIDUL ISLAM

EEOC Form 161 (2/08)         **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## DISMISSAL AND NOTICE OF RIGHTS

To: Md. Shahidul Islam
C/O P.O. Box 503594
Saipan, MP 96950

From: Honolulu Local Office
300 Ala Moana Blvd
Room 7-127
Honolulu, HI 96850

☐ On behalf of person(s) aggrieved whose identity is *CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 486-2007-00305 | Raymond Griffin, Jr., Investigator | (808) 541-3721 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

☐ The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

☐ Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

☐ The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

☐ Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

☒ The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

☐ The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

☐ Other *(briefly state)*

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, and/or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

*/s/ Timothy A. Riera*            4/24/08

Timothy A. Riera, Director            (Date Mailed)

Enclosures(s)

cc: John D. Guerrero
Vice-President
GTS SECURITY INC
P.O. Box 501218
Saipan, MP 96950

# INFORMATION RELATED TO FILING SUIT
## UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court under Federal law.*
*If you also plan to sue claiming violations of State law, please be aware that time limits and other provisions of State law may be shorter or more limited than those described below.)*

**PRIVATE SUIT RIGHTS** -- **Title VII of the Civil Rights Act, the Americans with Disabilities Act (ADA), or the Age Discrimination in Employment Act (ADEA):**

In order to pursue this matter further, you must file a lawsuit against the respondent(s) named in the charge **within 90 days** of the date you *receive* this Notice. Therefore, you should **keep a record of this date**. Once this 90-day period is over, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and its envelope, and tell him or her the date you received it. Furthermore, in order to avoid any question that you did not act in a timely manner, it is prudent that your suit be filed **within 90 days of the date this Notice was *mailed* to you** (as indicated where the Notice is signed) or the date of the postmark, if later.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. (Usually, the appropriate State court is the general civil trial court.) Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. Filing this Notice is not enough. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Your suit may include any matter alleged in the charge or, to the extent permitted by court decisions, matters like or related to the matters alleged in the charge. Generally, suits are brought in the State where the alleged unlawful practice occurred, but in some cases can be brought where relevant employment records are kept, where the employment would have been, or where the respondent has its main office. If you have simple questions, you usually can get answers from the office of the clerk of the court where you are bringing suit, but do not expect that office to write your complaint or make legal strategy decisions for you.

**PRIVATE SUIT RIGHTS** -- **Equal Pay Act (EPA):**

EPA suits must be filed in court within 2 years (3 years for willful violations) of the alleged EPA underpayment: back pay due for violations that occurred **more than 2 years (3 years) before you file suit** may not be collectible. For example, if you were underpaid under the EPA for work performed from 7/1/00 to 12/1/00, you should file suit before 7/1/02 – not 12/1/02 -- in order to recover unpaid wages due for July 2000. This time limit for filing an EPA suit is separate from the 90-day filing period under Title VII, the ADA or the ADEA referred to above. Therefore, if you also plan to sue under Title VII, the ADA or the ADEA, in addition to suing on the EPA claim, suit must be filed within 90 days of this Notice **and** within the 2- or 3-year EPA back pay recovery period.

**ATTORNEY REPRESENTATION** -- **Title VII and the ADA:**

If you cannot afford or have been unable to obtain a lawyer to represent you, the U.S. District Court having jurisdiction in your case may, in limited circumstances, assist you in obtaining a lawyer. Requests for such assistance must be made to the U.S. District Court in the form and manner it requires (you should be prepared to explain in detail your efforts to retain an attorney). Requests should be made well before the end of the 90-day period mentioned above, because such requests do *not* relieve you of the requirement to bring suit within 90 days.

**ATTORNEY REFERRAL AND EEOC ASSISTANCE** -- **All Statutes:**

You may contact the EEOC representative shown on your Notice if you need help in finding a lawyer or if you have any questions about your legal rights, including advice on which U.S. District Court can hear your case. If you need to inspect or obtain a copy of information in EEOC's file on the charge, please request it promptly in writing and provide your charge number (as shown on your Notice). While EEOC destroys charge files after a certain time, all charge files are kept for at least 6 months after our last action on the case. Therefore, if you file suit and want to review the charge file, **please make your review request within 6 months of this Notice**. (Before filing suit, any request should be made within the next 90 days.)

***IF YOU FILE SUIT, PLEASE SEND A COPY OF YOUR COURT COMPLAINT TO THIS OFFICE.***

**EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**HONOLULU LOCAL OFFICE**
300 ALA MOANA BLVD., ROOM 7-127
P.O. BOX 50082
HONOLULU, HI  96850-0051

**OFFICIAL BUSINESS**
PENALTY FOR PRIVATE USE $300

AN EQUAL OPPORTUNITY EMPLOYER



02 1M   $ 00.41⁰
0004247480   APR 24 2008
MAILED FROM ZIP CODE 96850

CP Received
it by mail on
04/25/08

Md. Shahidul Islam
C/O P.O. Box 503594
Saipan, MP 96950